**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEPHEN BUKOWSKI, et al., | : | |
| Plaintiffs, | : | Civil Action No. 17-625 (MAS) (DEA) |
| v. | : | **MEMORANDUM OPINION** |
| WELLS FARGO BANK, N.A., et al., | : | |
| Defendants. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A.'s ("Bank of America") (collectively, "Defendants") Motion to Dismiss the Complaint. (ECF No. 9.) Plaintiffs Stephen Bukowski and Virginia Bukowski (collectively, "Plaintiffs") filed opposition (ECF No. 16), and Defendants replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.

**I. Background**[1]

This matter arises from Plaintiffs' action to recover damages caused by Defendants improperly servicing and collecting a residential mortgage loan secured by Plaintiffs' home. (Compl. 1, ECF No. 1.) Plaintiffs are residents of Clinton, New Jersey and borrowers under a residential mortgage loan for property located at 41 Studer Road, Clinton, New Jersey (the

---

[1] For the purpose of the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The allegations included in this section are taken directly from Plaintiffs' Complaint.

"property"). (Compl. ¶¶ 2, 3.) Bank of America is the lender and owner of a note and a mortgagee on the property. (*Id.* ¶ 7.) Wells Fargo services Plaintiffs' note and mortgage on the property on behalf of Bank of America. (*Id.* ¶ 9.)

On April 30, 2004, Plaintiffs entered into a mortgage loan transaction with Wells Fargo in the amount of $446,000, which was secured by a mortgage lien on the property. (*Id.* ¶¶ 10, 11.) In late 2014, Plaintiffs fell behind on their mortgage payments. (*Id.* ¶ 17.) On or about April 2015, Plaintiffs applied through Wells Fargo for a loan modification under the Making Homes Affordable Program for the mortgage owned by Bank of America. (*Id.* ¶ 29.) On September 22, 2015,[2] Wells Fargo provided Plaintiffs with the terms of the trial modification program, which would be followed by a permanent modification if Plaintiffs "paid the required three trial payments and returned a certain subordination agreement." (*Id.* ¶ 31.) Plaintiffs made the three timely payments and returned the subordination agreement as required by the Home Affordable Modification Program ("HAMP") guidelines. (*Id.* ¶ 36.) Wells Fargo prepared the permanent modification documents and sent the documents to Plaintiffs. (*Id.* ¶ 38.) Upon inspection of the modification documents, Plaintiffs discovered that the terms of the permanent modification were erroneous and included a lump sum payment. (*Id.* ¶ 48.) Plaintiffs were informed that Bank of America has an exception to the HAMP agreement that allows lump sum payments and exempts them from portions of the HAMP waterfall.[3] (*Id.* ¶¶ 51, 52.)

---

[2] With respect to this date, there is a discrepancy in the Complaint and the attached exhibit that includes the relevant correspondence. The Court incorporates the correct date that is listed on the correspondence. (*See* Compl., Ex. A, ECF No. 1-1.)

[3] The HAMP waterfall calculation is a HAMP-mandated formula for determining whether the homeowner's monthly payment can be lawfully reduced to the target 31% of monthly income. *In re JPMorgan Chase Mortg. Modification Litig.*, 880 F. Supp. 2d 220, 226 n.7 (D. Mass. 2012).

On January 25, 2016, Plaintiffs contacted Wells Fargo to object to the permanent modification documents and to request corrected documents. (*Id.* ¶ 55.) Plaintiffs and Defendants communicated on numerous occasions through telephone, e-mail messages, and mail correspondence. (*Id.* ¶¶ 56-91.) On September 19, 2016, Plaintiffs sent Wells Fargo a formal Request for Information and Notice of Error through their counsel. (*Id.* ¶ 92.) Having received no response to the September 19, 2016 correspondence, Plaintiffs sent another Request for Information and Notice of Error on November 14, 2016. (*Id.* ¶ 103.) On January 30, 2017, Wells Fargo sent Plaintiffs correspondence, "refus[ing] to provide the requested information [by] claiming that the investor guideline and HAMP are confidential and proprietary[,] and refusing to correct the error." (*Id.* ¶ 105.) On November 7, 2016, Wells Fargo issued a Notice of Intention to Foreclose to Plaintiffs. (*Id.* ¶ 107.) Wells Fargo, thereafter, "has demanded money that exceeds what [Plaintiffs] owe and threatened foreclosure[.]" (*Id.* ¶ 109.)

On January 30, 2017, Plaintiffs filed a Complaint alleging four Counts: (1) violation of the Real Estate Settlement Procedures Act ("RESPA") ("Count One"); (2) violation of the Fair Debt Collection Practices Act ("FDCPA") ("Count Two"); (3) violation of the New Jersey Consumer Fraud Act ("NJCFA") ("Count Three"); and (4) breach of contract ("Count Four"). (ECF No. 1.) On March 3, 2017, Defendants moved to dismiss the entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 9.)

## II. <u>Legal Standard</u>

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e]

3

note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alternation in original)). Second, the court must "review[] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiffs' well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Additionally, "[i]ndependent of the standard applicable to Rule 12(b)(6) motions, [Federal Rule of Civil Procedure] 9(b) [('Rule 9(b)')] imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Thus, "conclusory allegations are not sufficient to withstand Rule 9(b)." *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012). "Instead, [a plaintiff is] required to state the circumstances of the alleged fraud with sufficient particularity to place the defendant[s] on notice of the precise misconduct with which [they are] charged." *Id.* (internal quotations omitted).

4

III. **Discussion**

   A.   **Violation of the RESPA (Count One)**

Count One of the Complaint alleges a violation of the RESPA against Wells Fargo for failing to timely or properly respond to Plaintiffs' Requests for Information, and failing to respond to Plaintiffs' Notice of Error. (Compl. ¶¶ 111-17.) Defendants argue that: (1) Plaintiffs have not alleged that they suffered any damages from any alleged failure to respond; and (2) Plaintiffs' submission of Requests for Information were improper appeals of Defendants' decision on the [m]odification [a]greement. (Defs.' Moving Br. 18-19, ECF No. 9-1.) "RESPA imposes a duty on loan servicers to respond to borrower inquiries. . . [and] qualified written requests under 12 U.S.C. § 2605(e)(2)." *Vassalotti v. Wells Fargo Bank, N.A.*, 732 F. Supp. 2d 503, 507 (E.D. Pa. 2010). "Once a borrower makes a 'qualified written request,' RESPA requires loan servicing companies to: (a) provide written notice to the borrower acknowledging receipt of the request; (b) take appropriate action with respect to the inquiry either by making corrections or providing a written explanation or clarification; and (c) protect the borrower's credit rating by not reporting to credit bureaus the overdue payments relating to the request for 60 days after receiving the request." *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 382 (D.N.J. 2006) (citing 12 U.S.C. § 2605 (e)).

"In order to bring a claim under RESPA, a plaintiff must first identify a violation of one of the statute's obligations and then 'must sufficiently allege one of two types of damages: (1) actual damages to the borrower as a result of the failure to comply with [Section] 2605; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of [Section 2605].'" *Hager v. CitiMortgage, Inc.*, No. 16-3348, 2017 WL 751422, at *4 (D.N.J. Feb. 27, 2017). Importantly, the requirement of a showing of damages directly tied to the failure to respond under

5

RESPA to a request for information is strictly construed by the courts. *Hawk v. Carrington Mortg. Servs., LLC*, No. 14-1044, 2016 WL 4414844, at *4 (M.D. Pa. June 26, 2016); *see Hutchinson*, 410 F. Supp. 2d at 383 (finding that "alleging a breach of RESPA duties alone does not state a claim under RESPA. [A] [p]laintiff[] must, at a minimum, also allege that the breach resulted in actual damages.").

Here, pursuant to 12 U.S.C. §§ 2605 (e) and (f), the Complaint alleges that Wells Fargo failed to: (1) "timely or properly respond to [Plaintiffs'] Requests for Information[,]" (2) "respond to [Plaintiffs'] Notice of Error[,]" and (3) "correct errors in [Plaintiffs'] loan modification documents." (Compl. ¶¶ 113-17.) Specifically, Plaintiff alleges that Wells Fargo failed to correct errors in Plaintiffs' loan modification documents and respond to Plaintiffs' requests and, therefore, demands specific performance in the form of a permanent loan modification, actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems just and equitable. (*Id.* ¶ 117.) Plaintiffs, however, fail to plead actual damages. *See* 12 U.S.C. § 2605(f)(1)(A) (permitting recovery of "any actual damages to the borrower as a result of [] failure" to comply with any provision of [RESPA]). Furthermore, Plaintiff fails to allege specific damage as a result of the alleged RESPA violations and does not identify a causal link between the alleged violations and alleged damages. *See Oliver v. Bank of Am. N.A.*, No. 13-4888, 2014 WL 562943, at *3 (D.N.J. Nov. 15, 2012). Accordingly, the Court dismisses Count One of the Complaint.

**B.   Violation of the FDCPA (Count Two)**

Count Two asserts a claim under the FDCPA against Defendants. (*See* Compl. ¶¶ 119-27.) Defendants argue that the "FDCPA claim against Wells Fargo fails because the statute does not apply to Wells Fargo, who is not a 'debt collector,' as defined in the statute." (Defs.' Moving Br.

6

22.) In their opposition, Plaintiffs seek to "withdraw [Count Two] without prejudice." (Pls.' Opp'n Br. 16, ECF No. 16.) The Court grants Plaintiffs' request and dismisses Count Two.

### C. Violation of the NJCFA (Count Three)

Count Three of the Complaint alleges that Defendants violated the NJCFA by making several misrepresentations and offering a less favorable permanent loan modification than their trial modification, causing ascertainable loss and damages. (Compl. ¶¶ 128-57.) Defendants argue that Plaintiffs fail to plead any misrepresentations sufficient to support a NJCFA claim, and fail to articulate an ascertainable loss necessary to assert a NJCFA claim. (Defs.' Moving Br. 26-27.) It is well settled that HAMP does not provide an independent cause of action for borrowers against lenders and servicers. *Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013) (per curiam) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012)); *see also Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at *10 (D.N.J. May 2, 2013) (collecting cases). "Indeed, there is nothing express or implied in HAMP or its enabling legislation that creates a private right of action, and courts in this District and across the country have universally rejected claims such as Plaintiffs' on that basis." *Keosseian v. Bank of Am.*, No. 11-3478, 2012 WL 458470, at *2 (D.N.J. Feb. 10, 2012) (citations omitted).

Here, Plaintiffs argue that "[t]his is simply not a case about a private right of action under HAMP," but instead "a claim for relief against a lender and its servicer for offering one thing, accepting performance, then switching to something else." (Pls.' Opp'n Br. 9.) The Court finds Plaintiffs' independent state law claims unpersuasive in light of Plaintiffs' examination and review of "HAMP waterfall and terms for HAMP loans before accepting and performing the trial modification." (Compl. ¶ 33.) Plaintiffs' claims under NJCFA are improperly intertwined with allegations of violation of HAMP rules. *See Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL

7

1867035, at *10 (D.N.J. May 2, 2013). "[A]lthough the Complaint purports to state separate causes of action . . . [, independent of HAMP,] all of Plaintiffs' claims are premised on Defendant[s'] denial of their loan modification request and alleged failure to comply with its obligations under HAMP." *Keosseian*, 2012 WL 458470, at *2 n.3 (citations omitted). Accordingly, the Court dismisses Count Three.

### D.   Breach of Contract (Count Four)

Count Four alleges a breach of contract claim against Defendants. (Compl. ¶¶ 158-64.) Defendants argue that "Plaintiffs assert that the [m]odification [a]greement was an enforceable contract, despite the fact that it was [] Plaintiffs who refused to sign and return the agreement." (Defs.' Moving Br. 28.) Thus, "[b]ecause the parties never agreed to the terms of the [m]odification [a]greement," Defendants argue that "there is no enforceable contract – and, therefore, no breach." (*Id.*) Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligation." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Here, the Complaint alleges that "Defendants breached the agreement by failing to permanently modify [Plaintiffs'] mortgage loan in accordance with the terms of the trial modification and the HAMP guidelines." (Compl. ¶ 163.) To satisfy the terms of the trial modification, Plaintiffs were required to pay three trial payments. (*Id.* ¶ 31.) Plaintiffs were also required to return a certain subordination agreement. (*Id.*) The Complaint alleges that Defendants sent and Plaintiffs received the permanent modification agreement, titled the "Home Affordable Modification Agreement." (Compl. 1, Ex. B.) Upon reading the permanent modification agreement, Plaintiffs disagreed with and formally objected to certain terms of the permanent

modification agreement. (*Id.* ¶¶ 41-56.) Plaintiffs, however, never signed the permanent modification agreement. Thus, the Court finds that Plaintiffs fail to plead a valid contract with respect to the permanent modification agreement, as Plaintiffs failed to return certain subordination agreement documents. Based on the facts alleged, the Court concludes that the Complaint fails to allege the prima facie elements for a breach of contract claim. Accordingly, the Court dismisses Count Four.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated**: September 14, 2017