**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

STEPHEN BUKOWSKI, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Civil Action No. 17-625 (MAS) (DEA)

**MEMORANDUM ORDER**

On December 13, 2018, the United States Court of Appeals for the Third Circuit Ordered and Adjudged that the Court's Order dated September 14, 2017 (ECF No. 20) was affirmed in part, reversed in part, and vacated in part, and remanded the matter for further proceedings (ECF No. 24). On January 4, 2019, the United States Court of Appeals for the Third Circuit issued a Mandate in accordance with the December 13, 2018 Order. (ECF No. 25.)

Plaintiffs' Complaint asserted four Counts: Count One – Violation of the Real Estate Settlement and Procedures Act ("RESPA"); Count Two – Violations of the Fair Debt Collection Practices Act ("FDCPA"); Count Three – Violation of the New Jersey Consumer Fraud Act ("NJCFA"); and Count Four – Breach of Contract. (Compl. ¶¶ 111-64, ECF No. 1.) The Court dismissed Counts One, Three, and Four on the merits, and dismissed Count Two in light of Plaintiffs' request to withdraw Count Two. (*See* Sept. 14, 2017 Mem. Op. 5-8, ECF No. 19.) The Court subsequently dismissed the entire Complaint with prejudice. (Oct. 5, 2017 Order, ECF No. 21.) Plaintiffs appealed the Court's dismissal of Counts One, Three, and Four. *See* Appellant's Br. at 8-9, *Bukowski v. Wells Fargo*, N.A., (3d Cir. 2018) (No. 17-3253) (asserting error in dismissal of Plaintiff's RESPA, NJCFA, and breach of contract Claims); *Bukowski v. Wells*

*Fargo Bank, N.A.*, No. 17-3253, 2018 WL 6584119, at *2 (3d Cir. Dec. 13, 2018) ("The Bukowskis argue that the District Court erred in dismissing each of its three claims.").

The Third Circuit affirmed the Court's dismissal of Count One. *Bukowski*, 2018 WL 6584119, at *3 ("We therefore will affirm the District Court's dismissal of their RESPA claim."). The Third Circuit reversed and vacated the Court's dismissal of Plaintiff's NJCFA and breach of contract claims, Counts Three and Four, but stated that its decision applied to Count Two and Count Four. *Id.* at *1 (stating "we will vacate the District Court's judgment on Count Two and Count Four and remand for proceedings consistent with this opinion[,]" but "vacat[ing] the District Court's order dismissing Appellants' NJCFA and breach of contract claims . . . .") The Court is bound to "implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 857 (3d Cir. 1994) (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985)). Because Count Two, the FDCPA claim, was not appealed to the Third Circuit, and the Third Circuit's analysis resulting in reversal focused on Plaintiff's NJCFA and breach of contract claims, the Court interprets the Third Circuit's mandate to require the Court to vacate its decision with respect to Counts Three and Four.

The Court, accordingly, implements the Mandate as follows:

**IT IS** on this 4th day of February, 2019, hereby **ORDERED** that:

1. The Clerk shall reopen this matter.

2. The Court's September 14, 2017 Order (ECF No. 20) is vacated.

3. The Court's October 5, 2017 Order (ECF No. 21) is vacated.

4. Defendants' Motion to Dismiss (ECF No. 9) Count One and Count Two is **GRANTED** and Count One and Count Two are dismissed with prejudice.

5. Defendants' Motion to Dismiss (ECF No. 9) Count Three and Count Four is **DENIED**.

6. Plaintiffs shall file an amended complaint by **February 18, 2019**.

7. Defendants shall answer or otherwise respond to the amended complaint by **March 11, 2019**.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE